## Case No. 61.

### ADAMS v. LOFT.

[4 Ban. & A. 495;[1] 8 Reporter, 612; 25 Int. Rev. Rec. 377; 36 Leg. Int. 405.]

Circuit Court, D. New Jersey. Sept. 24, 1879.

PATENTS FOR INVENTIONS—NOVELTY—OLD CONTRIVANCES—NEW OBJECTS.

1. Letters patent No. 111,798, granted to Thomas Adams, February 14th, 1871, for an improvement in chewing gum, *held* void for want of novelty.

2. The question of what constitutes sufficient novelty, discussed.

In equity.

Francis Forbes, for complainant.
M. T. Newbold, for defendant.

NIXON, District Judge. The bill was filed, in this case, by the complainant, for an injunction and an account, against the defendant. for the alleged infringement of letters patent No. 111,798, dated February 14th, 1871, for "improvement in chewing gum." The inventor, in his specifications, says that his invention consists in a method of preparing the natural product, known as chickly, to produce a chewing gum. This chickly is a vegetable gum, imported into this country from Mexico, the color of which varies from a dark cream to a brownish or earthy color. His method of preparation consists in taking the crude chickly of commerce and subjecting it to the action of hot water. In other words. he washes the gum, taken in its natural state, in hot water, in order to remove from it all coloring matter and impurities, and the product, to wit, the washed gum, is the new article of manufacture. His claim is, "the chewing gum prepared from the material and in the manner specified, as a new article of manufacture." Even if it

should be conceded that the phraseology of the claim includes the process as well as the product, it remains a serious question whether the invention has, in itself, any patentable quality. The patent act (Rev. St. § 4886,) authorizes a patent to be issued to any person who has invented or discovered any new and useful art, machine, manufacture or composition of matter, or any new and useful improvement thereof. The alleged invention must be both useful and new. How will the present stand this test?

1. In regard to its usefulness. The law charges the court with the duty of determining whether inventions are frivolous or insignificant, and I was strongly inclined, at the hearing, to apply to the case the maxim, De minimis non curatur, and dismiss it without further consideration. But that, perhaps, would have been going too far, especially as want of utility was set up as a defence in the answer, and no evidence was afterward offered tending to impeach the patent on that ground. Prima facie every patent is good, and I cannot say that it appears upon the face of the letters patent and specifications in this case, that the invention is frivolous or useless, or hurtful to the morals or health of society. Chewing gum may have its use, in the social economy, as a substitute for a greater evil or folly. The degree of utility is not a question. The law only requires that it shall be capable of some use, and that the use is not prohibited by sound morals or public policy. Curt. Pat. § 106.

2. In regard to the other requisite quality of patentable inventions, to wit, their novelty, that also is denied in the answer, and testimony has been taken tending to exhibit its lack of it. It is shown that the gum chickly is obtained from the juice of a tree, belonging, in botany, to the genus Achras sapata, which grows in the West Indies, Mexico, and South America. The product is a gum resin, and has the general properties of and belongs to the same class of resins as caoutchouc and gutta percha. It may be remarked. in passing, that the consul-general of Mexico was produced as a witness for the defendant, and he states, that in Mexico, the vulgar name of the tree from which it is taken is Chico Zapote; whence, doubtless, the name chickly is derived. He further testifies that the product is known to everybody there. and is commonly used as a chewing gum, being sold in the country stores in shape of grotesque figures. As some importance seems to have been attached to this fact, upon the argument, it may be said that such foreign prior public use was not brought home to the knowledge of the patentee before the date of the patent, and hence cannot be used in this case against its validity. The prior use which invalidates a patent, under our law, is a use within the United States, which, as yet. does not embrace Mexico. The subjection of india rubber and gutta percha to the action of hot water, for the

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

purpose of cleansing, is an old and well-known process. Mr. Joslin, a superintendent of rubber works in Jersey City, fully describes the method of washing the crude articles, as pursued by him since he commenced business in 1844, and says that the same process has been used by all the rubber establishments that have come under his observation. It is the same method substantially as that described by the patentee in the specifications of his patent. To take a process so generally known as this in its application to india rubber and gutta percha, and apply it to the gum chickly, is not invention; and the result obtained, to wit, a gum more free from soluble matter and impurities than the chickly, in its crude state, is nothing new; it comes within the forbidden application of old contrivances to new objects. The case is not distinguishable from Howe v. Abbott, [Case No. 6,766,] in which the attempt was made to sustain the novelty of a patent for the process of curling palm leaf for mattresses, it appearing at the same time that hair had long been prepared by the same means for the same purpose. Mr. Justice Story, in holding it to be a double use of an old process, said: "It is precisely the same, as if a coffee-mill were now, for the first time, used to grind corn. The application of an old process to manufacture an article, to which it had never before been applied, is not a patentable invention. There must be some new process, or some new machinery used, to produce the result. If the old spinning machine to spin flax were now first applied to spin cotton, no man could hold a new patent to spin cotton in that mode; much less the right to spin cotton in all modes, although he had invented none. As, therefore, Smith" (the patentee) "has invented no new process or machinery, but has only applied to palm leaf the old process, and the old machinery used to curl hair, it does not strike me that the patent is maintainable. He, who produces an old result by a new mode or process, is entitled to a patent for that mode or process. But he cannot have a patent for a result merely, without using some new mode or process to produce it."

It is not claimed that chewing gum in itself is new. Every one familiar with the habits of school children knows to the contrary. It is conceded that long before the patentee attempted to convert the crude gum chickly into an article cleanly enough for the mouth of man, by washing out some of its impurities, chewing gum made from the spruce gum, paraffine, and other natural productions, was for sale upon the market. It is shown that the product of the same class or family of the vegetable kingdom had been washed and cleansed in the same manner, years before. Under these circumstances, it is difficult to find any novelty in the invention as set forth and described in the patent. If the letters patent could be sustained, there

would be no doubt about the infringement. The defendant, instead of using hot water for moistening and washing the crude article, has applied steam, with the subsequent application of cold water. Such a palpable attempt at evasion, not having even the merit of originality, would not for a moment be tolerated by the court, if we could see the way clear to uphold the patent; but not being able to do so, the complainant's bill must be dismissed, with costs.